IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL GONZALEZ-DIAZ,

**Petitioner,**

v.

ANA LOPEZ, *et al.*,

**Respondents.**

**Criminal No.** 07-1259 (FAB)

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court are respondents Ana Lopez, the warden of the Bayamon Detention Center, and the attorney general of Puerto Rico's ("respondents") motion to dismiss for lack of subject matter jurisdiction, (Docket No. 77), and respondents' motion in compliance with the Court's order to show cause, (Docket No. 83). For the following reasons, the Court **DENIES** respondents' motion to dismiss and **ORDERS** petitioner to either begin proceedings within thirty days to exhaust his ineffective assistance of counsel claims before the Commonwealth courts or to amend his petition.

**I.   BACKGROUND**

In May 2004, a jury in the Commonwealth of Puerto Rico convicted petitioner Raul Gonzalez-Diaz ("petitioner" or "Gonzalez-Diaz") of rape and sodomy of a mentally retarded woman, Mrs. VTM.

---

[1] Lindsay Britton, a third-year law student at the University of New Hampshire School of Law, assisted in the preparation of this Memorandum and Order.

Civil No. 07-1259 (FAB)                                              2

(Docket No. 77-1 at p. 2.)  The Puerto Rico Court of First Instance ("PR CFI") imposed concurrent sentences of fifteen years imprisonment for rape and ten years imprisonment for sodomy.  Id. at p. 1.  In June 2004, Gonzalez-Diaz appealed to the Puerto Rico Court of Appeals ("PR COA").  Id. at p. 2.  He alleged that the PR CFI committed multiple errors that resulted in a deprivation of rights granted by the U.S. Constitution, the Puerto Rico Constitution, and the laws of Puerto Rico. (Docket Nos. 1-2 at pp. 1–30; 77-1 at pp. 3–4.)  After the PR COA affirmed Gonzalez-Diaz's convictions, he filed a petition for certiorari with the Puerto Rico Supreme Court.  (Docket No. 85-1.)  In 2007, the Puerto Rico Supreme Court denied Gonzalez-Diaz's petition for certiorari and both of his subsequent motions for reconsideration of his petition for certiorari.  (Docket Nos. 85-2, 85-3, 85-4, & 85-5.)

On March 28, 2007, Gonzalez-Diaz filed this petition *pro se* for a writ of *habeas corpus* with the Court.  (Docket No. 1.)  The petitioner alleges that the following errors deprived him of his right to a fair and impartial trial and due process of law in the Commonwealth courts:  (1) the prosecutors and trial judge manipulated the process used to identify the petitioner as the assailant; (2) the PR CFI improperly allowed the prosecution to present expert testimony regarding the victim's capacity to consent when the witness was not qualified to testify as an expert; (3) the PR CFI improperly allowed expert testimony that "was not reliable

because it lacked a scientific reliable basis;" (4) the PR CFI erred in not determining that the victim had the capacity to consent to a sexual relationship on the date in question because the evidence established that the victim probably did have capacity to consent; (5) the PR CFI erred in not allowing the petitioner to present evidence of the victim's sexual history to attack the victim's credibility and show her capacity to consent to a sexual relationship; (6) the PR CFI erred "by not guaranteeing the adequate medication of Mrs. VTM during all the stages of the trial process and by denying [petitioner's] request for a mistrial;" (7) the PR CFI improperly allowed a prosecutor from the preliminary hearing to testify at trial as to alleged incriminating statements made by petitioner when the statements were not provided to petitioner during discovery; (8) a prosecutor improperly testified at trial when he had a personal interest in the case; (9) the rape charge did not include the basic element that the victim was not the spouse of the accused; (10) the PR CFI erred in allowing a *de novo* preliminary hearing after the prosecutors voluntarily dismissed all charges at the preliminary hearing without informing the court that they would seek a *de novo* preliminary hearing; (11) the voluntary dismissal of all charges at the preliminary hearing deprived the PR CFI of *in personam* jurisdiction over petitioner; (12) the PR CFI erred by not allowing the judge who presided over the preliminary hearing to testify at trial regarding

inconsistencies in the testimony of government witnesses; (13) the PR CFI erred in requiring petitioner to produce his witnesses to be sworn in at the beginning of trial or not use their testimony later; (14) the PR CFI erred in admitting a photocopy of the institution's vehicle registry; (15) the PR CFI erred in admitting an allegedly fabricated hotel registration card; (16) the PR CFI erred in presenting the victim's testimony through closed circuit television without conducting the proceedings to determine if this was appropriate; (17) the PR CFI improperly allowed the victim to testify after determining that the victim was incompetent; (18) the PR CFI erred by excluding the public from the courtroom when the victim testified; (19) the probable cause hearing was unconstitutional because it was held without notifying the petitioner even though the police knew petitioner's whereabouts; (20) the prosecution did not prove the essential element of penetration beyond a reasonable doubt and the trial judge erred by not allowing testimony that the medical exam found no evidence of penetration; (21) the PR CFI erred in rejecting petitioner's "error in fact" defense; (22) the PR CFI erred in admitting petitioner's incriminatory statements made during an unconstitutional police search of his home and office; (23) the trial judge demonstrated passion and prejudice against the petitioner; and (24) the prosecution did not prove all the elements of the crimes of which petitioner was convicted beyond a reasonable doubt.  Petitioner

further argues that a guilty verdict based on basic sodomy, rather than aggravated sodomy, is unconstitutional pursuant to the Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003), and that the Puerto Rico sodomy law, P.R. Laws Ann. tit. 33, § 103(c), is unconstitutionally vague.

Petitioner also alleges that the PR COA erred by not considering seventeen issues that his first set of appellate attorneys omitted from the brief, and the fact that these seventeen issues were omitted also demonstrates that petitioner's original counsel for his direct appeal was ineffective. See id.

On April 2, 2007, the Court ordered Gonzalez-Diaz to show cause "why this petition for a writ of *habeas corpus* should be dismissed for failure to exhaust available state remedies pursuant to 28 U.S.C. § 2254(c)." (Docket No. 2.) Petitioner responded on June 22, 2007. (Docket No. 7.) The Court then ordered petitioner to provide copies of "any and all state court resolutions and opinions, demonstrating that he exhausted all available state remedies and 'fairly and recognizably presented to the state courts the factual and legal bases of this federal claim.'" (Docket No. 8.) Gonzalez-Diaz argued in his response to the order to show cause that the Commonwealth of Puerto Rico bore the burden of proving that state remedies were still available to petitioner and it was improper for the Court to inquire into exhaustion *sua sponte*

Civil No. 07-1259 (FAB)                                                6

because exhaustion of state remedies is not a matter of subject matter jurisdiction.  (Docket No. 9 at pp. 1-7.)

On June 9, 2008, the Court stayed the case until petitioner paid the filing fee or requested to proceed *in forma pauperis*. (Docket No. 11.)  The Court then issued an order to show cause why the petition should not be dismissed because Gonzalez-Diaz had been granted parole, Gonzalez-Diaz had neither paid the filing fee for his petition nor requested to proceed *in forma pauperis*, and all orders mailed to Gonzalez-Diaz's known address had been returned. (Docket No. 14.)  Petitioner filed a motion in August 2008 to inform the Court that he had been granted parole and provided his new address.  (Docket No. 15.)  In his response to the order to show cause, Gonzalez-Diaz drew the Court's attention to a photocopy of a receipt, which appears in the same docket entry as the complaint and demonstrates that he had in fact paid the filing fee when he filed his petition.  (Docket Nos. 20 at pp. 1-2; 20-3 at p. 1.)

The Court lifted the stay and referred the case to United States Magistrate Judge McGiverin.  (Docket Nos. 21 & 22.)  In June 2009, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the petition be denied because petitioner had failed to demonstrate that he exhausted his remedies in the Commonwealth courts.  (Docket No. 61 at p. 5.)  Gonzalez-Diaz objected to the R&R and included forty-one exhibits related to his

Civil No. 07-1259 (FAB)                                              7

appeals in the Commonwealth courts.  (Docket No. 62.)  The attached exhibits were in Spanish, however, and the Court could not consider them.  Loc. R. Civ. P. 5(g).  The Court adopted the R&R and dismissed the petition with prejudice.  (Docket No. 63.)

Gonzalez-Diaz moved to alter judgment and when the Court denied that motion, he appealed to the United States Court of Appeals for the First Circuit.  (Docket Nos. 65, 66 & 67.)  In August 2012, the First Circuit Court of Appeals remanded the case "so that the district court can either provide a written explanation of its conclusion that petitioner failed to exhaust state remedies, or else take corrective action."  (Docket No. 73 at p. 1.)  The First Circuit Court of Appeals noted that the respondent in a *habeas corpus* proceeding ordinarily provides the record from the Commonwealth courts pursuant to "Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts."  Id.  The Court then ordered respondents to provide records from the Commonwealth courts and translations.  (Docket No. 74.)

Rather than submitting a motion in compliance, respondents filed a motion to dismiss for lack of subject matter jurisdiction

Civil No. 07-1259 (FAB)                                                  8

based on the Rooker-Feldman and *res judicata* doctrines.[2]  (Docket No. 77 at pp. 14-18.)  Respondents state that "the petitioner invites the Court to revisit allegations that the State Courts have already ruled upon, repeating an array of alleged errors that both the [Puerto Rico] First Instance Court and the Puerto Rico Court of Appeals committed, therefore unduly attempting to convert this District Court in a second Appeals Court."  Id. at p. 3.  In a footnote, respondents "withdr[e]w, without waiving, any defense raised regarding failure to exhaust remedies by the petitioner pending their Motion to dismiss for lack of jurisdiction."  Id. at p. 1, n.1.  Respondents also indicate that should the Court deny their motion to dismiss, "the respondents will renew their failure to exhaust remedies since it is clear that such is the case."[3]  Id. Respondents also argue, however, that Gonzalez-Diaz "once again

---

[2] Because respondents' arguments regarding these legal doctrines do not apply to *habeas* petitions, the Court does not analyze these arguments in its discussion.  "The Rooker-Feldman doctrine—with certain exceptions (*e.g.,* **habeas corpus**)—precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the assailant was a party."  Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) (emphasis added).  Moreover, "traditional res judicata principles do not apply to federal habeas proceedings."  Magwood v. Patterson, 130 S. Ct. 2788, 2810 (2010) (Kennedy, J., dissenting) (citing Salinger v. Loisel, 265 U.S. 224, 230 (1924)); see also Felker v. Turpin, 518 U.S. 651, 664 (1996) (noting that the Antiterrorism and Effective Death Penalty Act imposes "a modified res judicata rule").

[3] Because the Court denies respondents' motion to dismiss, it will address whether petitioner exhausted his remedies before the Commonwealth courts.

raises the same arguments brought forth before the State Court of Appeals, who after analyzing each argument with the evidence before it, confirmed [sic] the conviction sentence." Id. at pp. 5-6. Respondents continue to state that "Petitioner, not a lay citizen, but also an attorney, admits the fact that all the errors raised here, except that of lack of adequate assistance of counsel,[4] were all raise[d] on direct appeal before the State Court of Appeals, and then to the Supreme Court of Puerto Rico." Id. at p. 6.

The Court again ordered respondents "to submit a final decision by the Puerto Rico Supreme Court exhibiting that petitioner exhausted state court remedies or to file records revealing that petitioner failed to appeal to the Puerto Rico Supreme Court." (Docket No. 82.) Respondents' motion in compliance clarified that their motion to dismiss for lack of subject matter jurisdiction "was based on certain doctrines of law, although they contend that the instant Petition should be dismissed pursuant to 28 U.S.C. [§] 2254(d)." (Docket No. 83 at p. 2.) Respondents contend that the Commonwealth courts' adjudication of the merits of Gonzalez-Diaz's claims was neither contrary to clearly established Federal law nor "based on an unreasonable determination of the facts in light of the evidence presented in

---

[4] Petitioner attempted to raise these and other additional errors before the PR COA but the PR COA denied the request to raise new issues. (Docket No. 77-1 at p. 5.) The PR COA indicated that these issues were presented for the first time to the PR COA but were similar to errors raised before the PR CFI. Id.

Civil No. 07-1259 (FAB)                                                      10
_____

the State court proceeding." Id.  Respondents request that the Court dismiss the petition with prejudice based on their motion to dismiss and 28 U.S.C. § 2254(d).[5]  Id. at p. 3.

## II.  LEGAL STANDARD

As a matter of comity, prisoners seeking *habeas* relief in federal court from a state conviction must first have exhausted their remedies in the courts of the state that imposed sentence. Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518–519 (1982)).  A state may expressly waive the exhaustion requirement.  28 U.S.C. § 2254(b)(3).  In contrast, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."  United States v. Cotton, 535 U.S. 625, 630 (2002).  The exhaustion requirement, therefore, does not deprive the district court of subject-matter jurisdiction when the petitioner has not exhausted his state court remedies.  Although Lundy requires United States district courts to dismiss without prejudice mixed petitions containing both exhausted and unexhausted claims, the Supreme Court acknowledged in Rhines that state prisoners seeking federal review face new challenges

---

[5] When a petition a writ of *habeas corpus* contains claims that were adjudicated on the merits in the State court, the district court may not grant the writ unless the State court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Civil No. 07-1259 (FAB)                                                    11

after Congress enacted the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"). Rhines, 544 U.S. at 274-75. Due to the one year statute of limitations in the AEDPA, a dismissal without prejudice could still operate as a dismissal with prejudice if the district court rules shortly before or after the statute of limitations expires. Id. at 275. A district court may, therefore, stay the case and hold it in abeyance while the petitioner presents his unexhausted claims to the state courts when there is good cause for the petitioner's delay in bringing the claims before the state courts, the claims are potentially meritorious, and the petitioner has not engaged in dilatory litigation tactics. Id. at 278. The district court may then lift the stay and address the merits of the claims in the perfected petition. Id. at 277. Should the district court find that the petitioner does not have good cause for his failure to present his claims to the State court, the claims are plainly meritless, or the petitioner has engaged in dilatory litigation tactics — for example, in an attempt to delay execution in death penalty cases — then stay and abeyance in inappropriate. Id. at 277-78. When stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if the dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

**III. DISCUSSION**

Petitioner Gonzalez-Diaz and respondents agree that petitioner presented all of his claims, except for the ineffective assistance of counsel claims, to the PR COA and Puerto Rico Supreme Court, and that the PR COA addressed the merits of the claims presented to it. (Docket Nos. 1-2 at p. 1; 77 at pp. 3 & 5-6; 83 at pp. 2-4.) Therefore, the Court is faced with a mixed petition.  Rather than dismissing his mixed petition without prejudice and precluding any further federal review of petitioner's claims,[6] the Court gives the petitioner the option of returning to the Commonwealth courts within thirty days to exhaust his ineffective assistance of counsel claims or filing an amended petition that includes only his exhausted claims also within thirty days.[7]  If Gonzalez-Diaz neither perfects nor amends his petition within this time period, the Court will dismiss his petition.  Until Gonzalez-Diaz perfects or amends his petition, the Court is unable to address the merits

---

[6] Pursuant to 28 U.S.C. § 2244(d) Gonzalez-Diaz's conviction became final in 2007, which means that AEDPA's one year statute of limitations expired in 2008.  Therefore, although petitioner filed this petition within the applicable statute of limitations, if the Court dismisses the case without prejudice, then petitioner will not be able to re-file in federal court pursuant to AEDPA.

[7] "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review.  Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278 (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (noting that district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered")).

Civil No. 07-1259 (FAB)                                                    13

of his claims pursuant to the standard set forth in 28 U.S.C. § 2254(d).  Rhines, 544 U.S. at 274 (noting that AEDPA codified Lundy's total exhaustion requirement for petitions for *habeas corpus*); Lundy, 455 U.S. at 522 (holding "that a district court *must* dismiss habeas petitions containing both unexhausted and exhausted claims") (emphasis added).  For the foregoing reasons, the Court **DENIES** respondents' motion to dismiss, (Docket No. 77), and **ORDERS** petitioner Gonzalez-Diaz to perfect or amend his petition.

   **IT IS SO ORDERED.**

   San Juan, Puerto Rico, August 2, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE